IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-94-D

PERRY BROWN, JR., Administrator )
of the Estate of Perry Brown, Sr., )
 )
                Plaintiff, )
 )
v. )    **ORDER**
 )
UNITED STATES DEPARTMENT OF )
HEALTH AND HUMAN SERVICES, )
 )
                Defendant. )

On February 16, 2010, Perry Brown, Jr. ("plaintiff"), in his capacity as administrator of Perry Brown, Sr.'s estate filed suit against the United States in Wake County Superior Court [D.E. 1-1]. Plaintiff seeks a declaratory judgment "declar[ing] [Medicare's] lien invalid and releas[ing] the [remaining] funds to the Estate of Perry Brown." Compl. ¶ 8; see id. ¶¶ 9–10. On March 15, 2010, the United States removed the action to this court pursuant to 28 U.S.C. § 1444 [D.E. 1]. On March 22, 2010, plaintiff moved to remand this action [D.E. 3]. The United States responded in opposition [D.E. 5], and plaintiff replied [D.E. 7]. As explained below, the court denies plaintiff's motion to remand [D.E. 3].

I.

In November 2002, Perry Brown, Sr. ("Mr. Brown" or "decedent"), was a passenger in a car and was injured in a car accident. See Notice of Removal Ex. 1 at 12–13 (Letter from Bobby P. Khot to Medicare Coordination of Benefits Contractor (Sept. 8, 2009)). State Farm Automobile Insurance Company insured the at-fault driver. See id. Pursuant to 42 U.S.C. § 1395y(b)(2), Medicare made conditional payments totaling $100,802.39 for Mr. Brown's hospitalization and other medical care

arising from the November 2002 accident. On January 17, 2006, Mr. Brown died and Perry Brown, Jr., was appointed the executor of Mr. Brown's estate. See Notice of Removal Ex. 1 at 12–13 (Letter from Bobby P. Khot to Medicare Coordination of Benefits Contractor (Sept. 8, 2009)).

On July 16, 2007, State Farm interpleaded $130,000 in insurance policy funds in the Wake County Superior Court. See Order Allowing Interpleader 1. On July 31, 2007, the Wake County Superior Court entered an "Order Allowing Interpleader" which released $29,197.61 directly to Mr. Brown's estate and withheld $100,802.39 subject to Medicare showing satisfactory proof of its lien. See id. at 1; see also Compl. ¶¶ 1–3. On August 26, 2009, plaintiff mailed a copy of the state-court order to Kelly Paylor, a federal employee with the Centers for Medicare and Medicaid Services in Durham, North Carolina. See Notice of Removal Ex. 1 at 9 (Letter from Perry Brown, Jr. to Kelly Paylor (Aug. 26, 2009)). The United States contends that Paylor did not receive the letter and that the United States Attorney did not receive notice of the State Farm's interpleader action. See Govt. Resp. 2. Medicare did not respond with proof of its lien within 60 days of the judgment. See Compl. ¶¶ 2, 5.

On February 16, 2010, Mr. Brown's estate (administered by Perry Brown, Jr.) filed suit in Wake County Superior Court seeking declaratory judgment that Medicare's claim to the interpleaded funds was extinguished. Compl. 1–3. On March 15, 2010, the United States removed the action to this court pursuant to 28 U.S.C. § 1444 [D.E. 1]. On March 22, 2010, plaintiff moved to remand this action [D.E. 3]. The United States responded in opposition [D.E. 5], and plaintiff replied [D.E. 7].

II.

Initially, plaintiff challenges the timeliness of the United States' removal. A defendant must file a notice of removal within thirty days after defendant receives an initial pleading through service or otherwise. See 28 U.S.C. § 1446(b). Essentially, the thirty-day removal period is triggered by

2

formal service of process or waiver of service of process. See, e.g., id.; Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.") (quotation omitted). Plaintiff filed suit in state court on February 16, 2010. The United States was served and removed this action on March 15, 2010, which is within 30 days after service of process. Thus, removal was timely.

To the extent that plaintiff contends that the United States waived its right to remove the 2010 declaratory-judgment action because it failed to remove the July 2007 State Farm interpleader action, the United States did not receive proper service of the 2007 action. Under 28 U.S.C. § 2410(b):

> In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia. In such actions the United States may appear and answer, plead or demur within sixty days after such service or such further time as the court may allow.

28 U.S.C. § 2410(b). Because the United States was not properly served in the July 2007 State Farm interpleader action and the United States never waived service in that action, the court rejects plaintiff's timeliness argument concerning the removal of the 2010 action.

III.

Plaintiff moves to remand and contends that this court lacks subject-matter jurisdiction. When a party moves to remand a case to state court, a federal district court must determine whether it has subject-matter jurisdiction and, if it does not, must remand the case to state court. See 28

3

U.S.C. § 1447(c). The party seeking removal must demonstrate subject-matter jurisdiction. See, e.g., Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296–97 (4th Cir. 2008) (collecting cases).

The United States removed this action pursuant to 28 U.S.C. § 1444. Section 1444 provides that "[a]ny action brought under [28 U.S.C. § 2410] against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444. Section 2410, in turn, provides in part that "the United States may be named a party in any civil action or suit . . . to quiet title to, . . . or . . . of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). Section 2410 is unique in that it operates only as a conditional waiver of sovereign immunity and does not independently create subject-matter jurisdiction over a suit against the United States. See, e.g., Macklin v. United States, 300 F.3d 814, 819 (7th Cir. 2002); see also 28 U.S.C. § 2410(a). Nonetheless, the interplay between 28 U.S.C. § 1444 and 28 U.S.C. § 2410 gives the United States the option to remove an action originally filed in state court and confers subject-matter jurisdiction over the action in federal district court. See, e.g., North Dakota v. Fredericks, 940 F.2d 333, 338–39 (8th Cir. 1991); Hood v. United States, 256 F.2d 522, 525–26 & n.9 (9th Cir. 1958).

To determine whether plaintiff brought this action under section 2410, the court applies the "well-pleaded complaint rule" and asks whether plaintiff's complaint, on its face, raises a claim under section 2410. See, e.g., In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006); Lontz v. Tharp, 413 F.3d 435, 439–40 (4th Cir. 2005). The well-pleaded complaint rule allows a court "to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question." Ohio ex rel. Skaggs v. Brunner, 549 F.3d 468, 475 (6th Cir. 2008) (per curiam); Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir.

4

2005). An action is brought under section 2410 if it is a suit "to quiet title to, . . . or . . . of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a).

In this case, plaintiff alleges that "Medicare . . . placed a lien against the Estate pursuant to its third party recovery program." Compl. ¶ 2. In July 2007, the Wake County Superior Court entered an "Order Allowing Interpleader" which released $29,197.61 directly to Mr. Perry's estate and withheld $100,802.39 subject to Medicare showing satisfactory proof of its lien. See id. ¶¶ 1–3; Order Allowing Interpleader 1. Medicare did not respond with proof of its lien in the 2007 state-court action, and plaintiff now seeks a declaratory judgment "declar[ing] the lien invalid and releas[ing] the [remaining] funds to the Estate of Perry Brown Jr." Compl. ¶ 8; see id. ¶¶ 9–10. In light of the allegations in plaintiff's 2010 declaratory-judgment action, this case falls within section 2410(a) and was removed properly under section 1444.[1]

Next, plaintiff argues that the court should remand this action based on "the probate exception." See Pl.'s Mem. Supp. Mot. Remand 7–9. The "probate exception" is a historical exception to federal jurisdiction that holds that "'probate matters'" are excepted from the scope of federal jurisdiction. See, e.g., Marshall v. Marshall, 547 U.S. 293, 308 (2006) (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)). In Markham, the Supreme Court held that federal courts have no authority to "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham, 326 U.S. at 494. In Marshall, the Supreme Court clarified the scope of the probate exception and explained that

---

[1]The United States also argues that removal was proper under 28 U.S.C. § 1441(a) because the court possesses original jurisdiction over monetary claims of the United States that arise under the Medicare laws, specifically 42 U.S.C. § 1395y(b)(2). See Govt. Resp. 2–3. Because removal is proper under 28 U.S.C. § 1444, the court need not address this argument.

5

> the "interference" language in Markham [is] essentially a reiteration of the general principal that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*. Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.

Marshall, 547 U.S. at 311–12 (citations omitted).

The government argues that the probate exception applies only to cases that are in the federal courts based upon diversity jurisdiction rather than federal-question cases. See Govt. Resp. 5. In support, the government notes that some courts have referred to the "probate exception" as the "probate exception to diversity jurisdiction." See, e.g., Three Keys Ltd. v. SR Util. Holding Co., 540 F.3d 220, 226 (3d Cir. 2008); Lefkowitz v. Bank of N.Y., 528 F.3d 102, 105 (2d Cir. 2007); Lepard v. NBD Bank, 384 F.3d 232, 237–38 (6th Cir. 2004); Breaux v. Dilsaver, 254 F.3d 533, 536 (5th Cir. 2001); Turja v. Turja, 118 F.3d 1006, 1008 (4th Cir. 1997). However, there is a circuit split over whether the probate exception applies not only to diversity cases, but also to federal-question cases. Compare Jones v. Brennan, 465 F.3d 304, 306–07 (7th Cir. 2006) (applicable to federal-question cases); Marshall v. Marshall (In re Marshall), 392 F.3d 1118, 1131–32 (9th Cir. 2004) (same), rev'd on other grounds, 547 U.S. 293 (2006); Tonti v. Petropoulous, 656 F.2d 212, 215–16 (6th Cir. 1981) (same), with Goerg v. Parungao (In re Goerg), 844 F.2d 1562, 1565 (11th Cir. 1988) (inapplicable to federal-question cases). The Fourth Circuit has not expressly addressed the circuit split, but has described the probate exception as a "jurisprudential limit on diversity jurisdiction." Turja, 118 F.3d at 1008; see Foster v. Carlin, 200 F.2d 943, 950 (4th Cir. 1952).

In this case, the court need not take sides in the circuit split. Removal was based on the unique interplay between 28 U.S.C. §§ 1444 and 2410. Moreover, the probate exception is a judicially created doctrine that is not set forth in the text of a statute or the Constitution. See, e.g.,

6

Marshall, 547 U.S. at 299. Here, the court can resolve the dispute without assuming general jurisdiction over Mr. Brown's estate. See, e.g., Marshall, 547 U.S. 311–12; Markham, 326 U.S. at 494. Accordingly, even if the probate exception may apply in some federal-question cases, it does not apply in this case.

IV.

As explained above, the court DENIES plaintiff's motion to remand [D.E. 3].

SO ORDERED. This 22 day of July 2010.

JAMES C. DEVER III
United States District Judge